# Fleming's Estate.

*Trusts and trustees—Spendthrift trust—Devise—Power of appointment.*
Where a testator devises all of his real estate to trustees for a period of fifteen years after his decease, to pay the net income therefrom to his children, share and share alike, the real estate not to be liable for any debts of any of his children, and none of his children to have the right to sell, pledge or anticipate the income, or to sell or incumber their interest in the real estate, with the further provision that the death of any child shall not affect the trust, the share of one so dying to "descend to his, her or their heirs at law or devisees subject to all the conditions herein named," the devisees of a child dying before the expiration of the fifteen years are entitled to the enjoyment of the child's share of the trust fund, free from any claims of the creditors of the deceased child.

Argued Oct. 29, 1907. Appeals, Nos. 41, 42, 43 and 45, Oct. T., 1907, by Joseph Fleming & Son Company, John A.

Staley, F. W. Mueller and North American Savings Company, from decree of O. C. Allegheny Co., Sept. T., 1906, No. 374, dismissing exceptions to adjudication in Estate of George S. Fleming, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*Joseph Stadtfield,* for appellants.—That construction will be adopted which makes the estate vest absolutely at the earliest possible period : Tatem v. Tatem, 1 Miles, 309 ; Smith v. Myers, 212 Pa. 51 ; Safe Deposit & Trust Co. v. Wood, 201 Pa. 420 ; Smith's Estate, 189 Pa. 587.

The interest of George being a vested remainder, the enjoyment of possession alone postponed, by operation of law the debts become a charge or lien upon such interest.

The right of disposition by will, to take effect in enjoyment at the expiration of fifteen years, was as broad as the same right in case of a child surviving until the end of that period.

The donee of a power of appointment may either in express terms, or by implication, render the estate over, which he has the power, assets for the payment of his debts : Stokes's Est., 3 Pa. C. C. Rep. 193 ; Horner's Est., 4 Pa. C. C. Rep. 189 ; Morris v. Phaler, 1 Watts, 389.

*J. S. Ferguson,* with him *W. J. Brennen,* for appellees.—It is clear that so long as this property remained in the hands of the trustees, that is, during the fifteen years, it could not be levied upon and sold under any judgment against George S. Fleming : Beck's Est., 133 Pa. 51 ; Goe's Est., 146 Pa. 431 ; Comly's Est., 136 Pa. 153 ; Barker's Est., 159 Pa. 518.

The mere exercise of a general power of appointment does not in this state, as it does in England, make the estate passing under the appointment eo facto assets for the payment of the debts of the estate : Com. v. Duffield, 12 Pa. 277 ; Swaby's Appeal, 14 W. N. C. 553 ; Com. v. Williams, 13 Pa. 24.

OPINION BY MR. JUSTICE BROWN, January 6, 1908:

Joseph Fleming died May 15, 1890. The fourth clause of his will is as follows: " All of the real estate which at the time of my death I may own that is situated in the city of Pittsburg, Pa., I give, bequeath and devise to my said hereinafter named executors, or the survivor of them, in trust for the following uses and purposes and not otherwise : For the period of fifteen years after my decease my said executors, or the survivors of them shall take charge of said real estate, keep the buildings and improvements thereon insured, and in good repair, rebuild the same in case of fire, keep the same rented and collect the rents thereof and after deducting taxes, cost of insurance repairs, &c., the net income derived therefrom shall be divided and paid over quarterly to and among my six children George S. Fleming, Sallie, wife of G. A. Hays, Emma, wife of Robert F. Shannon, Bessie, wife of John Warden, and Annie and Mattie Fleming. During the said term of fifteen years said real estate shall not be liable or subject to any execution or other legal process for any debt liability or engagement of any of my children. None of my children shall during said term have the right to sell, pledge or in any other way anticipate their respective shares in the rents or income of said real estate nor shall they have the power to sell, mortgage or otherwise encumber their prospective interests therein. At the expiration of said term of fifteen years after my decease, the said trustees or the survivor of them shall cause said real estate to be fairly valued and appraised and shall divide the same equally among my six children above named, or if any of my said children shall have died before the time for such division, to the children then living and the heirs at law or devisees of the child or children who shall have died, the said trustees shall execute and deliver any necessary and proper conveyances or papers for these shares or interests to those respectively entitled thereto. The death of any of my children shall not in any wise affect the provisions of this trust but the share or shares of the one, or of these, so dying shall descend to his, her or their heirs at law or devisees subject to all the conditions herein named." George S. Fleming died August 13, 1904, within the fifteen year trust period created by his father's will. By his will, executed

September 26, 1903, George directed that his debts be paid, and, after making a bequest of $25,000 to W. J. Brennen, gave and devised the residue of his estate to his wife. The fund distributed to Brennen and George's widow is the proceeds of the sale in proceedings in partition of the land devised by Joseph Fleming in the above quoted clause of his will. George's estate was insufficient to pay his debts, and his creditors claimed to be paid the balance due them out of the fund raised from the sale of Joseph Fleming's real estate in the partition proceedings. They make this claim upon these grounds : (1) George S. Fleming had a vested interest in his father's real estate ; or, if not (2) his direction to pay his debts was an exercise of his power of appointment in favor of his creditors which was operative to charge the fund. The court below excluded the creditors from it and awarded it to the legatee and widow.

If the will of Joseph Fleming has directed to whom and under what conditions the fund before us shall go, it cannot go elsewhere, and the conditions of the devise of the interest to George in the land which the fund now represents must prevail. At no time during the fifteen years succeeding his father's death could the interest of George in the estate have been made liable for any of his debts. He could not, during that period, have even pledged his income from it to a creditor, because his father had so directed, but the direction of the testator went still further and prohibited him from selling, mortgaging or otherwise incumbering his " prospective " interest in the real estate. The testator himself designates this interest as prospective, and, as was properly held by the learned president judge below, " it was made a condition of conveyance to the children that they survive the trust." If any one of them should die during the continuance of it, his or her interest was to pass to substitutionary persons named by the testator, " the heirs at law or devisees of the child or children who shall have died." Upon the death of a child during the fifteen years, his or her interest in the father's estate ceased and descended to " his or her heirs at law or devisees subject to all the conditions herein named." The only power which a child could exercise over his prospective interest was to devise it. Without a devise of it, it descended to the heirs of

the child dying during the period. But whether 'descending to heirs or passing to devisees, the testator, who had the right to do so, in disposing of his own property, imposed the condition of absolute immunity from any debt of a deceased child. His words are that the devisees of a deceased child shall take his or her interest in the land, " subject to all the conditions " named in the will, and the condition is, " None of my children shall during said term have the right to sell, pledge or in any other way anticipate their respective shares in the rents or income of said real estate nor shall they have the power to sell mortgage or otherwise encumber their prospective interests therein." Upon the death of George his interest in his father's real estate passed to his devisees, who at once became substituted by his father's will for him in the enjoyment of the income for the remaining portion of the fifteen years, and, at their expiration, were entitled to a conveyance from the trustee of his interest in the land itself. When he devised his interest to them and the devise became effective during the fifteen years, it was as free from any liability for his debts as it had been before he died. As there was nothing for his creditors in his father's estate while he lived, there was nothing for them after his death, for when he died his interest ended and passed to others under a power of appointment which exempted it from his liabilities.

Appeal dismissed and decree affirmed.