HULL, TRUSTEE IN BANKRUPTCY OF PALMER, v. FARMERS' LOAN & TRUST COMPANY ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 66. Argued November 19, 1917.—Decided December 10, 1917.

A New York testator bequeathed a fund in trust to pay the income to his son during life, with remainder over to others, subject to the condition that the principal also be paid to the son whenever he became able to pay his just debts and liabilities from other resources—a condition recognized as valid by the law of New York. The son secured his discharge in bankruptcy, whereupon the principal was paid over to him by order of the Surrogate Court. *Held*, that no right to the principal passed to his trustee in bankruptcy under the Bankruptcy Act, § 70a (5).

155 App. Div. 636; 213 N. Y. 315, affirmed.

THE case is stated in the opinion.

---

*Mr. Walter S. Heilborn,* with whom *Mr. David J. Gallert* was on the brief, for plaintiff in error.

*Mr. Frederick Geller,* with whom *Mr. Edward H. Blanc* was on the brief, for Farmers' Loan & Trust Company.

*Mr. Henry B. Twombly,* with whom *Mr. Gerrit Smith* was on the brief, for Palmer.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Charles Palmer, of New York City, by will executed shortly before his death, bequeathed to the Farmers' Loan & Trust Company the sum of $50,000, in trust, to pay the income to his son Francis, during his life, with a remainder over to others, subject to the "wish  .  .  .  that  .  .  . my said son shall have the principal of said trust fund whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund."

Promptly after probate of the will, Francis filed a voluntary petition in bankruptcy, and in due time received his discharge. . Then the Trust Company instituted proceedings in the Surrogate Court for a judicial settlement of the estate; and, the court adjudging that Francis had become entitled to the principal of the trust fund (65 Misc. N. Y. 418), it was paid over to him.  Later, the trustee in bankruptcy who had not been a party to proceedings in the Surrogate Court, brought suit in the Supreme Court of New York against the Trust Company and Francis to recover the principal.  He claimed that the right to it had passed to him under § 70a (5) of the Bankruptcy Act of 1898, c. 541, 30 Stat. 544, and that the whole fund was required to satisfy the balance due on debts proved against the bankrupt estate and the expenses of

administration. No claim was asserted against the income of the trust fund. A complaint setting forth these facts was dismissed on demurrer; and the judgment entered by the trial court was affirmed both by the Appellate Division (155 App. Div. 636) and by the Court of Appeals (213 N. Y. 315). The case comes here on writ of error.

Plaintiff asserts that the case presents this federal question: Does a contingent interest in the principal of personal property assignable by the bankrupt prior to the filing of the petition necessarily pass to his trustee in bankruptcy? And, to sustain his claim to recovery, he contends, that under the law of New York (1) the words used by the testator create a trust; (2) vesting in the beneficiary a contingent interest in personal property; (3) which is an expectant estate; (4) assignable by him; and (5) that, in view of the Surrogate's decision and the action thereon, the defendants are estopped from denying that the contingency requiring payment of the principal had arisen. Plaintiff contends also that, under the federal law, (6) this assignable estate in expectancy passed to the trustee when Francis was adjudged bankrupt, and (7) the trustee, as holder of the estate, became entitled to the principal when the discharge rendered Francis solvent.

We need not enquire whether the several propositions of state and federal law which underlie this contention are correct. This is not a case where a testator seeks to bequeath property which shall be free from liability for the beneficiary's debts. *Ullman* v. *Cameron*, 186 N. Y. 339, 345. Here the testator has merely prescribed the condition on which he will make a gift of the principal. Under the law of New York he had the right to provide, in terms, that such payment of the principal should be made, only if and when Francis should have received in bankruptcy a discharge from his debts and that no part of the fund should go to his trustee in bankruptcy. The lan-

guage used by the testator is broader in scope, but manifests quite as clearly, his intention that the principal shall not be paid over under circumstances which would result in any part of it being applied in satisfying debts previously incurred by Francis. The Bankruptcy Act presents no obstacle to carrying out the testator's intention. *Eaton* v. *Boston Safe Deposit and Trust Co.*, 240 U. S. 427. As the Court of Appeals said: "The nature of the condition itself determines the controversy." The judgment is

*Affirmed.*