## ALLEN v. TATE.

(Circuit Court of Appeals, Eighth Circuit. May 12, 1925. Rehearing Denied June 18, 1925.)

No. 268.

Bankruptcy ⟐143(9)—Interest of bankrupt under devise in trust held not to pass to bankrupt as property which he could have transferred.

Under will devising property in trust to pay income for 21 years to designated persons, the property to be divided between them at end of period, but the share of any beneficiary dying before that time to go to the surviving beneficiaries, provision that prior to distribution no interest in income or principal shall be assignable or subject to conveyance, nor subject to execution or other process, being valid under laws of state where testator resided and property is located, interest of beneficiary does not pass, under Bankruptcy Act, § 70 (Comp. St. § 9654), to trustee in bankruptcy.

Petition to Revise Order of the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Petition by Clifford B. Allen, trustee of Winifred T. Tate, bankrupt, to revise an order of the District Court in favor of bankrupt. Petition dismissed.

John B. Denvir, Jr., of St. Louis, Mo. (Dwight D. Currie, of St. Louis, Mo., on the brief), for petitioner.

G. T. Priest, of St. Louis, Mo. (Robert E. Moloney and Boyle & Priest, all of St. Louis, Mo., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and SCOTT, District Judge.

STONE, Circuit Judge. This is a petition to revise an order of a District Court setting aside an order of sale, entered by the referee, of an alleged contingent interest of the bankrupt in a certain estate created in her favor under the terms of the will of her grandfather, Jerome Francis Downing. The will was probated in the state of Pennsylvania.

The single question presented here is whether this interest is of that character of property which passes to a trustee in bankruptcy. The pertinent terms of the will were as follows: After providing for payment of debts and funeral expenses, the entire residue of the estate was devised in trust for a period of 21 years (under certain contingencies reducible to 15 years). During the life of the trust, the income therefrom was to be paid in certain shares and amounts to designated children and grandchildren, of which latter the bankrupt was one. At the termination of the trust, the property forming the subject-matter thereof was to be divided in certain stated portions between the same parties. In case any of the beneficiaries should die, pending the trust, without leaving direct descendants, the shares of such beneficiaries were to revert to the estate and go to the beneficiaries surviving at the time of distribution. The trustee was given the power, with certain rather immaterial exceptions, to sell, invest, reinvest and completely administer the trust estate. It was provided that:

"Prior to the time fixed for the final distribution of the principal of my estate, the title to the whole of said estate, so far as my executor shall not have disposed of the same, shall be and remain vested in my executor, in trust as aforesaid and no part of, or interest in, either the income or principal thereof shall be assignable by any legatee or devisee or beneficiary hereunder; nor shall the same be subject to incumbrance or conveyance by any one, other than said executor; nor shall the same, or any part thereof, be subject to any execution, attachment, garnishment or other process in the hands of said executor, at the suit of any creditor of any such legatee, devisee or beneficiary; and any beneficiary hereunder who shall attempt to assign, convey or incumber any interest devised or bequeathed hereby, shall by such act forfeit such interest, and the same shall thereupon go to the remaining beneficiaries hereunder; and I further specially direct that if any beneficiary under this my last will and testament shall undertake to contest or break this will, or shall institute any proceedings to have the same declared invalid, or shall assist or contribute toward any such proceeding by any other person, he, she or they shall thereupon forfeit all right to any income and principal hereunder, whether such contest, if undertaken, be successful or not."

Section 70 of the Bankruptcy Act as amended (Comp. St. § 9654), provides, among other things, that the trustee shall be invested with the title of the bankrupt to "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Whether or not the estate created in the bankrupt by this will was such as would pass to the trustee under the above quoted provision depends upon whether it is such property as could be conveyed by the bankrupt or could be subjected to judicial process against her. That matter is a question of local law as the administration of the Bankruptcy Act takes note of exemptions and rules of property in the several states. Eaton v. Boston Safe Deposit & Trust Co., 240 U. S. 427, 36 S. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90; Hull v. Farmers' Loan & Trust Co., 245 U. S. 312, 38 S. Ct. 103, 62 L. Ed. 312.

As the decedent was a resident of Pennsylvania at the time of his death, and the property involved is located there, the decisions of that state must govern. The wording of the quoted portion of the will is such, expressly and emphatically, as would remove from the beneficiary all power of disposition over the income or the corpus and would equally prevent all legal actions against such property by way of levy aimed at such beneficiary. If such provisions are legal in Pennsylvania, there is no reason of public policy why they should not be enforced. Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254. The decisions of the Supreme Court of Pennsyl-

vania abundantly sustain such provisions. The latest case is Fleming's Estate, 219 Pa. 422, 68 A. 960. Early Pennsylvania decisions are referred to in Nichols v. Eaton, supra, pages 727 and 728. Other cases in point are Spring's Estate, 216 Pa. 529, 66 A. 110; Price's Estate, 209 Pa. 210, 58 A. 280; Barker's Estate, 159 Pa. 518, 28 A. 365, 368; Goe's Estate, 146 Pa. 431, 433, 23 A. 383, 28 Am. St. Rep. 805; Comly's Estate, 136 Pa. 153, 20 A. 397; Beck's Estate, 133 Pa. 51, 19 A. 302, 19 Am. St. Rep. 623.

The trial court was right in holding that the interest of this bankrupt under the will was not such as could pass to the trustee. The petition to revise should be and is dismissed.