NEWHALL et al. v. CASEY, Internal Revenue Collector.

(District Court, D. Massachusetts. March 22, 1927.)

No. 2677.

Internal revenue ⊛8(4)—Husband's gift to wife before death held not taxable, because revocable by husband, and subject to rights of creditors (Revenue Act 1916, § 202[b], being Comp. St. § 6336½c).

Husband's gift to wife before death *held* not taxable, within Revenue Act 1916, § 202 (b), being Comp. St. § 6336½c, because of fact that under state rule, since abolished (G. L. Mass. c. 209, § 3), such gift was deemed to be revocable by husband at any time, and could be reached by creditors, since gift took effect in possession and enjoyment at time of transfer.

At Law. Action by Guy Newhall and others, executors of the estate of Gustavo Preston, against Andrew J. Casey, Collector of Internal Revenue. Judgment for plaintiffs.

Guy Newhall, of Lynn, Mass., for plaintiffs.

The U. S. Atty., and Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action at law, brought by the executors of the estate of Gustavo Preston against the collector of internal revenue for this district, to recover certain estate tax assessed under the Revenue Act of 1916 amounting to $1,446.37, which the plaintiffs allege was unlawfully exacted.

The controversy arises over the fact that the taxing authorities insisted upon including in the gross estate of decedent the value at the time of his death of certain securities transferred by the decedent to his wife during his lifetime. It appears that between May 21, 1917, and June 1, 1918, the decedent transferred to his wife at various times government and municipal bonds of the face value of $32,000, which at the time of decedent's death were valued at $31,333.83. It is not claimed that these transfers were made in contemplation of death, and it cannot successfully be maintained that they constituted a part of the decedent's estate. U. S. v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. But it is contended that, because of the peculiar Massachusetts doctrine governing gifts of personalty from husband to wife, which obtained at the time of the transfers, they are to be treated as transfers intended to take effect in possession and enjoyment after the death of the donor within the meaning of section 202 (b) of the Revenue Act of 1916 (Comp. St. § 6336½c).

It is undoubtedly true, as plaintiffs suggest, that as a matter of fact the donor fully intended to confer upon the wife complete possession and enjoyment in præsenti of the securities with all the attributes of ownership, and without any thought of revoking or recalling the gift. Whether the government may invoke the familiar presumption that one is presumed to know the law and to intend the natural consequences of his acts are questions which need not be seriously considered, because, in view of the opinion which I hold regarding the nature of the transfer, the actual intention of the testator becomes relatively unimportant.

At the time these transfers were made it was lawful in Massachusetts for a husband to make a gift of personal property to his wife, which after his decease would give her a valid title to the property against his heirs, providing there was actual delivery of the property to the wife and a retention of the custody by her, separate and distinct from the other property of her husband; but under the peculiar doctrine, which seems to have survived in Massachusetts longer than elsewhere, and which has since been abolished (G. L. c. 209, § 3), such a gift was deemed to be revocable by the husband at any time, and his creditors could reach it. Marshal v. Jaquith, 134 Mass. 138; Brown v. Brown, 174 Mass. 197, 54 N. E. 532, 75 Am. St. Rep. 292; Tucker v. Curtin (C. C. A.) 148 F. 929.

But until the gift had been revoked, or the property was needed to satisfy the husband's debts, the right of the wife to enjoy and possess the securities was complete. While it may be possible to find in the Massachusetts cases some warrant for asserting that the wife did not, until the death of the husband, possess all of the attributes of ownership, yet it cannot be disputed that the gift had taken effect in possession and enjoyment at the time of the transfer. The mere fact that by operation of law the gift might be revoked by the husband during his lifetime would not be sufficient, in my opinion, to bring the gift within section 202 (b), as a transfer intended to take effect in possession and enjoyment after death. Dexter v. Treas. and Rec. Gen., 243 Mass. 523, 137 N. E. 877; Hill v. Nichols (D. C. Mass. March 16, 1927) 18 F.(2d) 139. See, also, Vanderbilt v. Eidman, 196 U. S. 480, 25 S. Ct. 331, 49 L. Ed. 563.

I rule, therefore, that the value of these

securities so transferred to the wife was improperly included in the gross estate of the decedent, and that the plaintiff is entitled to recover the sum of $1,446.37, with interest from February 6, 1920.