**BAUMGARDEN et al. v. RECONSTRUCTION FINANCE CORPORATION.**

No. 7985.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1942.

Rehearing Denied Dec. 21, 1942.

**742**

Sigmund Livingston, and Lederer, Livingston, Kahn & Adsit, Kirkland, Fleming, Green, Martin & Ellis, all of Chicago, Ill., for appellants.

Lee Walker, Elmer P. Schaefer, M. O. Hoel, and William S. Allen, all of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment, entered January 13, 1942, on the pleadings in a garnishment proceeding. The suit was instituted by the Reconstruction Finance Corporation (appellee) against the American National Bank and Trust Company, as successor trustee (appellant and garnishee-defendant), upon a judgment theretofore obtained against Nathan W. Baumgarden. The latter was permitted to intervene, and, together with the garnishee-defendant, is an appellant.

The rights of the parties stem from the will of Bernard Baumgarden, who created a trust of which Nathan W. Baumgarden was one of the beneficiaries. Under the provisions of the trust, the latter was to receive, during his lifetime, the income from property of the value of $100,000.00, which was directed to be set aside for such purpose. By the will, the Central Republic Trust Company was designated as trustee.

By decree of the Circuit Court of Cook County, Illinois, entered April 16, 1937, the American National Bank and Trust Company of Chicago was appointed successor trustee of the trust established under the will of Bernard Baumgarden, in which an accounting was decreed against the Central Republic Trust Company in favor of the beneficiary Nathan W. Baumgarden (and other beneficiaries not here involved). The decree provided that 33⅓% of the amount recovered from the Central Republic Trust Company should be allocated to "and should be paid out as income by said successor trustee to the persons then entitled to receive income from said fund." The court retained jurisdiction of the cause, and on February 1, 1940 entered a further decree which, among other things, recited the provision of the will creating the trust estate for the benefit of Nathan Baumgarden. The court found that Nathan Baumgarden was 66 years of age, in ill health, and required medical aid and hospitalization; that he had no property or assets other than the income from the trust estate and that he was entirely dependent there-

on for support; that the corpus of the estate had become greatly depreciated and that the income therefrom was insufficient for the support of Nathan Baumgarden; and that in order to carry out the purpose of the testator as expressed in his last will and testament, it was necessary that the corpus be invaded. It was then decreed that the trustee pay into the hands of Nathan W. Baumgarden $350.00 each month for and during his natural life, or until the court shall direct otherwise, and that said payments be taken from the income of said trust estate to the full extent thereof, and the balance necessary for said monthly payments be taken from the corpus of said estate; and that the corpus be reduced by whatever amount might be necessary for such purpose. The decree provides: "This cause is continued for any further instructions or directions which the trustee may require." By virtue of this decree, the trustee has monthly paid $350.00 to Baumgarden.

On September 15, 1941, the American National Bank and Trust Company, as trustee, received partial satisfaction of the judgment against Central Republic Trust Company. Of the amount thus received $13,051.50 was for the benefit of Nathan Baumgarden.

The answer of the garnishee, after disclosing facts substantially as above related, denied that it had any money or property in its hands belonging to Nathan Baumgarden, that his interest in the trust estate was equitable and not subject to garnishment.

The issue to be determined, of course, is whether the fund in the hands of the garnishee was subject to garnishment. Other issues presented are merely incidental thereto. The contention of appellants may be generally classified under two points: (1) that there is no authority in the Illinois Garnishment Act (§ 1, Chapter 62, Ill.Rev.Stat.1941) for the garnishment of a trust fund, in fact, such garnishment under the circumstances of the instant case is precluded by § 49 of the Chancery Act, Chapter 22 (of the same statutes, hereinafter referred to as the creditors act) ; and (2) in any event, that there was no money due and owing the beneficiary from the trustee at the time the garnishment writ was served. On the other hand, it is the contention of the appellee that garnishment was permissible under the Illinois statute, and that there was income due and payable to the beneficiary which was properly subject to garnishment.

A construction of the Illinois provisions referred to must be made without decisive decisions, upon facts such as here presented. The authority for garnishment has remained unchanged since the enactment of the original act in 1872, except that in 1915 it was amended by the addition of a paragraph which authorized administrators and executors to be summoned as garnishees, with the provision that no final judgment be rendered until after an order of distribution by the county court. It at once appears that if the legislature had intended to authorize the garnishment of a trust fund, it would have so stated. Especially is this true in view of the fact that it amended the act to permit the garnishment of administrators and executors. This view is further strengthened when the nature of garnishment is considered. The court, in Capes v. Burgess et al., 135 Ill. 61, 65, 25 N.E. 1000, 1001, said:

"The remedy by garnishment is statutory, and the question of its application to any given case or class of cases is therefore purely a matter of statutory regulation."

In Holowaty v. Prudential Insurance Co., 282 Ill.App. 584, 590, the court said: "We hold that in the absence of a specific provision in the act authorizing it, the process of garnishment is not applicable to claims which are not assignable."

In 28 Corpus Juris, page 102, the rule is stated: "Under the rule that equitable interests are not subject to garnishment, generally the interest of defendant as the beneficiary of a trust cannot be reached, unless, of course, garnishment of such interests is expressly authorized by statute."

Thus it would appear the statute must be limited to that which is expressly authorized and that the failure to include trustees would preclude their garnishment. What we have said applies to the garnishment act standing alone.

We are of the view, however, that this statute must be construed in connection with the creditors act (§ 49, Chap. 22), which provides upon the return of an execution unsatisfied, a bill in chancery may be filed to compel the discovery of any property or assets belonging to the defendant, "and of any property, money, or thing in action due to him, or held in trust for him, * * * except when such trust has, in good faith, been created by, or the

fund so held in trust has proceeded from, some person other than the defendant himself." The section further provides for a decree in satisfaction, out of any property or assets belonging to the defendant, or held in trust for him, with the exception above stated. Appellee cites Campagna v. Automatic Electric Co., 293 Ill.App. 437, 12 N.E.2d 695, as its only Illinois case in support of the contention that this section is without application. We have carefully read this case and find nothing in it which directly or indirectly affords any support thereto.

Appellee also cites one Illinois case, Balaban v. Willett, 305 Ill.App. 388, 27 N.E.2d 612, 619, in support of its contention that the instant trust fund is subject to garnishment. The case, however, while not a direct holding, militates strongly against appellee's contention. There, the court had before it a garnishment proceeding wherein a husband and wife were involved. The creditor had obtained a judgment against the wife, and the husband was named as garnishee. The debt owing by the garnishee to the judgment debtor, claimed to have been a trust fund, was created by a separation agreement wherein both husband and wife released all rights, arising from the marital relation, in the property of the other. True, the court held the so-called trust fund subject to garnishment but it was for the reason that "what she received therefor was in payment as purchase money for such surrender, and it appears that what she did amounted to nothing more than the purchase of an annuity by her or the creation of a spendthrift trust by her in her own favor with the purchase money received * * *." The court relied heavily upon the case of Re Qua v. Graham, 187 Ill. 67, 58 N.E. 357, 52 L.R.A. 641, which was a creditor's bill filed under section 49, wherein it was claimed that the fund was immune from garnishment because of the proviso of that act relative to trusts. The court in the Graham case decided adversely to this contention, as did the court in the Balaban case, on the ground that the trust fund did not proceed from some person other than the beneficiary. In the Balaban case, 305 Ill.App. at page 401, 27 N.E.2d at page 618, the court states (referring to section 49), "that section of the statute is still the law in this state." Thus, the court in the Balaban case, in a garnishment proceeding after expressly recognizing this provision, proceed-

ed to a decision on the authority of the Graham case, a creditor's suit, and upon the same ground, that is, that the trust fund was not created within the exception of section 49. Thus, it is strongly implied that a suit in garnishment against a trust fund is limited in the same manner and to the same extent as is a suit by creditor's bill.

The trust fund in the instant case was created by a father for the benefit of a son. True, the provisions of the will which created the trust have been construed by the court, and its terms to some extent modified, but it remains the same trust. There is no question but that it was created in good faith and that the fund so held proceeded from some person other than the beneficiary. It thus comes squarely within the exception described in section 49, and, as we view the situation, is not subject to garnishment.

The conclusion just reached necessitates a reversal of the judgment; however, we are convinced that if a reversal was not required on the ground just stated, it would be required for the reason that there was no debt due and owing to the beneficiary (judgment debtor) by the garnishee at the time the writ was served. In support of its theory in this respect, appellee argues that by the state court decree of April 16, 1937, the garnishee received on September 15, 1941, $13,051.50 as income payable by the trustee to Nathan W. Baumgarden. For what purpose or by what authority this provision was inserted in the decree, we are not advised, and it is none of our concern. The fallacy of appellee's argument, however, is that it omits any reference to the decree of the same court of February 1, 1940, by which it was decreed that the trustee "pay into the hands of Nathan W. Baumgarden $350.00 each month" with authority to invade the corpus if necessary for such purpose. It is true this provision in the latter decree makes no reference to the provision in the former decree converting a large portion of the corpus to income. We think, however, that the two decrees must be construed together, and it is reasonable to conclude that the court in the latter decree intended to modify the former as to the extent to which the corpus was to be invaded.

The further point is made that the petition on which the latter decree was predicated was filed by the garnishee and

the beneficiary for the purpose of protecting the fund from the reach of creditors, and that in such proceeding appellee was not a party. It may be that appellee was a proper party, but certainly it was not a necessary one. The court had jurisdiction of the subject matter and the parties, and there is no room for the thought that the trust was created by the action of the garnishee and the beneficiary. We think, further, it can be said that the 1940 decree is more consistent with the purpose and intent of the testator, as expressed in his will, than the 1937 decree.

It is, therefore, our conclusion that the judgment must be reversed upon either or both of the grounds stated, with directions that the garnishee be discharged and the cause dismissed. It is so ordered.