(Nos. 28301, 28302, 28303.—

FRED E. HUMMEL, Trustee in Bankruptcy, Appellee, *vs.*
JAMES R. CARDWELL *et al.*, Appellants.

*Opinion-filed May 23, 1945—Rehearing denied September 13, 1945.*

EDWARD G. BERGLUND, of Chicago, for appellant Dorothea W. Huszagh.

OSCAR S. SEAVER, of Chicago, for appellant James R. Cardwell.

BARRE BLUMENTHAL, of Chicago, for appellant Fred J. Wegg, trustee.

SIDNEY H. BLOCK, of Waukegan, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

On November 15, 1940, Fred E. Hummel, as trustee in bankruptcy of the estate of Dorothea W. Huszagh, filed his bill of review in the circuit court of Lake county, seeking to vacate and set aside two decrees entered in that court, namely, a decree of sale entered November 17, 1939, and a decree approving the master's report of sale entered on December 15, 1939, both in a creditor's suit commenced by James R. Cardwell against Dorothea W. Huszagh and Fred J. Wegg, trustee. The defendants to the complaint were James R. Cardwell, Dorothea W. Huszagh and Fred J. Wegg, as the sole trustee under the will of Frederick H. Wickett, deceased. All of the defendants filed answers and Dorothea W. Huszagh filed a counterclaim.

On a hearing in the circuit court, the chancellor dismissed both the complaint and the counterclaim as being without equity. From this decree Hummel appealed to the Appellate Court for the Second District and all of the defendants filed cross appeals, resulting in a variety of contentions, all earnestly urged by the different parties to the suit.

The Appellate Court reversed the action of the trial court in dismissing, for want of equity, the bill of review filed by the trustee in bankruptcy, and affirmed that portion of the decree of the circuit court which dismissed, for want of equity, the counterclaim for review filed by Dorothea W. Huszagh. It further remanded the cause to the Lake county circuit court with directions to vacate and set aside its decree of sale entered November 17, 1939, and also the decree of December 15, 1939, approving the report of sale, and to restore Dorothea W. Huszagh to her former status and condition under her father's will as though the former decrees had not been rendered. Separate petitions for leave to appeal were filed by the defendants and allowed, and, by order of court, the appeals have been consolidated. All of the above-named defendants to the bill of review appear as appellants in this court.

The will of Frederick H. Wickett, after providing for the payment of his debts, and making minor specific bequests, devised and bequeathed to Fred J. Wegg (and Norman M. Hancock, who refused to act,) his entire estate, in trust, for the uses and purposes set forth in the will. Fred J. Wegg qualified and assumed the trust imposed in him by said will, and, as such trustee, he was given full power to manage and control all of the residuary estate. The title to said estate vested in said trustee with ample authority and discretion to sell and dispose of the property as he deemed best, the proceeds of such sales, however, to become a part of the trust estate and subject to the terms of the trust. The tenth clause of the will directed the

trustees to pay, out of the trust estate, the sum of $1500 per month to the wife, Alice W. Wickett, during her lifetime, and such other sums as she might, in the judgment of the trustees, deem fit for her needs and requirements. Alice W. Wickett, the widow of the testator, renounced the provisions of the will for her benefit.

The eleventh clause of the will reads as follows: "Upon the death of my said wife, my said trustees are directed to pay the net annual income of my said trust estate, in such installments as in their judgment shall seem best, equally to my children, Dorothy Huszagh and Marjorie Huszagh, share and share alike. My said trustees are, however, expressly authorized and empowered to pay over and deliver to my said children, Dorothy Huszagh and Marjorie Huszagh, from time to time, as in their judgment shall seem fit, such further or other portion of the corpus of this trust estate; Provided, however, that at all times both my said children shall be treated equally, so far as the division of said trust estate is concerned."

By the thirteenth clause of the will, the trust period was to continue for twenty years after the death of his wife.

The fifteenth clause of the will is as follows: "I hereby expressly authorize and empower my trustees from time to time to pay any part of the corpus of this trust estate to any of my relatives if, in the opinion of my said trustees, they may be in want or need of assistance."

By reason of the renunciation on the part of the widow, the legal title and possession of that part of the estate relinquished by her, with other residuary assets of the estate, passed to the trustee, Wegg, as part of the trust estate. *Dunshee* v. *Dunshee,* 251 Ill. 405; *Sueske* v. *Schofield,* 376 Ill. 431.

In October, 1939, the appellant James R. Cardwell, having obtained, on August 3, 1939, a judgment against Dorothea W. Huszagh, filed a complaint in the nature of

a creditor's bill in the circuit court of Lake county against Mrs. Huszagh and Wegg, as trustee, and sought to reach the interest which Mrs. Huszagh had in the trust created by the will of ·her father. Both Wegg, as trustee, and Dorothea W. Huszagh filed answers denying that the interest of the latter in said trust was subject to sale for the benefit of the creditor, and maintaining that the trust was in the nature of a spendthrift trust. On a hearing in the creditor's suit, the circuit court of Lake county held that the interest of Dorothea W. Huszagh in the said trust estate constituted personal property of an equitable nature and did not create a trust in the nature of a spendthrift trust and that such interest was subject to equitable attachment and sale in that proceeding for the purpose of satisfying, in whole or in part, the unpaid judgment in favor of Cardwell. A decree of sale in said cause was entered on November 17, 1939, and a sale was held by the master in chancery at which Cardwell became the purchaser of the interest of Dorothea W. Huszagh. The sale was approved and confirmed in the circuit court by decree dated December 15, 1939.

Dorothea Huszagh had also been a defendant in a foreclosure proceeding in the city of Chicago, where a decree of sale was entered on June 30, 1939. Pursuant to this decree, a sale was made resulting in a deficiency decree against Dorothea Huszagh in the sum of $533,394.13. On August 20, 1940, she filed voluntary bankruptcy proceedings, and the appellee herein was appointed trustee in bankruptcy on October 24, 1940. On November 15 thereafter, he filed his complaint for review.

In his complaint the trustee in bankruptcy contends that the circuit court did not have jurisdiction to enter the decree of sale in the creditor's suit disposing of the interest of Dorothea W. Huszagh in the trust because it is governed by section 49 of the Chancery Act. (Ill. Rev.

Stat. 1943, chap. 22, par. 49.) The provision reads as follows: "Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money, or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself. The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments, out of any personal property, money or things in action, belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not; * * *."

The claim of Cardwell, as the judgment creditor and as the purchaser of Dorothea W. Huszagh's interest in the trust at the sale, necessarily rests upon the validity of the decree entered November 17, 1939. He insists that the circuit court had jurisdiction of the parties and of the subject matter of the trust; that, on the hearing, testimony was taken in open court; that the court determined the trust was not a spendthrift trust, and that no appeal was taken from that decree; also, that within seven days after the decree of sale was entered, Dorothea W. Huszagh, for a valuable consideration, agreed she would not take any action by way of appeal or review or question

the decrees taken in the creditor's suit. He appeals from the action of the Appellate Court wherein it reversed the decree of the trial court in dismissing the bill of review for want of equity.

Dorothea W. Huszagh maintains that the trust created in her father's will is a spendthrift trust; seeks to reverse the judgment of the Appellate Court and insists that the portion of the decree of the trial court dismissing Hummel's bill of review for want of equity should be affirmed; also, that the portion of said decree in the trial court dismissing her counterclaim for review should be reversed with direction to grant the prayer contained in the said counterclaim.

Fred J. Wegg, the trustee under the will, asks that the accounting between himself and Dorothea W. Huszagh, as determined by the decree of the circuit court of Lake county in the creditor's suit, under date of November 17, 1939, be confirmed.

Fred E. Hummel, the trustee in bankruptcy and appellee in this court, urges that the judgment of the Appellate Court be affirmed, with directions to the trial court for the entry of a decree and the terms thereof.

With the great diversity of contentions made by the various interests in this cause, it will be difficult to discuss in detail each and all of the questions raised in the briefs.

At the outset, we are confronted with the problem of whether or not the trustee in bankruptcy has such an interest in Mrs. Huszagh's interest in the trust estate as entitles him to maintain his bill of review in this cause.

As above expressed, it is his contention that the order or decree of sale entered by the circuit court of Lake county in the creditor's suit on November 17, 1939, was void because beyond the jurisdiction of the court. His bill of review is based upon the theory that there was "error apparent" upon the face of the record in that case. Specifically, he maintains that the court had no power to order a sale of Dorothea W. Huszagh's interest in the

trust estate because it was in contravention of the exception contained in section 49 of the Chancery Act above quoted.

The record in the case indicates that the creditor's suit in the trial court was determined on the question of whether or not the will of Frederick H. Wickett created a spendthrift trust with Dorothea W. Huszagh as a beneficiary. The chancellor found that her interest in the trust was not in the nature of a spendthrift trust, but there was no express finding as to whether her interest was protected by said section 49. We agree with the statement of the trustee in bankruptcy that the interest of Dorothea W. Huszagh in the trust was not an estate on which a judgment at law would be a lien. We do not believe such interest could be reached by a creditor's bill or that, through a creditor's bill, a creditor could acquire any lien. The trust created in the will may well be described as an active trust and comes squarely under the provisions of the exception in said section 49. The legal title to the assets of said trust became vested in Fred J. Wegg, as trustee under the will. The funds in the trust came directly from the estate of Frederick H. Wickett, and, so far as the record discloses, it was created in good faith and expressly for the purpose of protecting the income. *Potter* v. *Couch,* 141 U. S. 296.

We agree further with the statement of appellee that one of the essentials of a valid judgment is that the court have jurisdiction to render that particular judgment. (*Armstrong* v. *Obucino,* 300 Ill. 140; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210; *Thayer* v. *Village of Downers Grove,* 369 Ill. 334.) However, we cannot see that the trustee in bankruptcy is in any better position to reach Mrs. Huszagh's interest in the trust than was Cardwell, the plaintiff in the creditor's suit. The office of trustee in bankruptcy is created by the Bankruptcy Act, and his powers and the remedies he is authorized to pursue in

a plenary suit are defined in such act. The appellee relies upon subsection 5 of section 70A of the Bankruptcy Act for his power and authority to reach the trust estate in this action. The said clause vests the trustee, by operation of law, with the title of the bankrupt, except insofar as it is to property which is held to be exempt, to "property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered." Under this section, we believe the rights of the trustee in bankruptcy relate only to property which passes to him without the necessity of bringing a plenary suit to recover. It refers to property which was in the possession or control of the bankrupt at the date of the bankruptcy. In section 70C of the same act, with reference to all other property, the trustee in bankruptcy is vested with all the rights, remedies and powers of a judgment creditor, and no more.

If the protection of section 49 of the Chancery Act makes the interest of Dorothea W. Huszagh in the trust immune from any suit or lien by a creditor, surely a trustee in bankruptcy representing a creditor can have no greater or superior right. In the matter of exemptions and the interpretations of property rights, the bankruptcy courts have always regarded decisions of the State courts as controlling. (*Erie* v. *Tompkins,* 304 U. S. 64.) In *Johnston* v. *Herrin,* 383 Ill. 598, we held that a contingent interest of a bankrupt is not property which the trustee in bankruptcy can recover in a plenary suit.

The trustee in bankruptcy contends that the amendment to the Bankruptcy Act in 1938 shows that property, even though it may not be subject to seizure, may pass to the trustee if it is transferable. With the exception given to exempt property in section 70A of the act and the power to acquire property through a plenary suit limited

to those of a judgment creditor in section 70C, we do not construe the act to give a trustee in bankruptcy in plenary suits greater remedies in a State suit than those afforded a judgment creditor. Any other rule would be contrary to the plain language of section 70C and permit a trustee to take property which, under the laws of Illinois, could not be taken by any other plaintiff for the payment of a debt. In *Dunham* v. *Kauffman,* 385 Ill. 79, we held that the interest of a beneficiary in a trust could not be reached by attachment. In *Baumgarden* v. *Reconstruction Finance Corp.* 131 Fed. 2d 741, the Circuit Court of Appeals held that a trust fund which came squarely under the exception in section 49 of the Chancery Act could not be reached by garnishment. It is clear, from the holdings of this court and that of other jurisdictions, that section 49 of the Chancery Act creates a rule of property and does not relate solely to procedure. (*Potter* v. *Couch,* 141 U. S. 296.) The Appellate Court erred in holding that the trustee in bankruptcy had a right to challenge the validity of the sale of the trust estate. The trial court correctly ruled that the bill of review filed by the trustee in bankruptcy should be dismissed for want of equity.

Neither do we believe that Dorothea W. Huszagh is entitled to maintain her present counterclaim or to obtain any relief thereunder. The trial court was in error when it entered the decree of sale on November 17, 1939, in the creditor's suit ordering the interest of Mrs. Huszagh in the trust estate to be sold to satisfy the Cardwell judgment upon which the creditor's suit was based. However, that decree recited that, on the testimony taken in open court and the argument of counsel for the respective parties, it had jurisdiction over all parties in the cause and the subject matter of the decree. The circuit court of Lake county, sitting as a court of equity, had full power to pass upon all questions arising on the pleadings in the creditor's suit. No action by way of review or appeal was

taken from that decree and the testimony was not preserved. Within seven days after the entry thereof, the attorney for Mrs. Huszagh approached counsel for Cardwell and asked him if his client would bid the full amount of his judgment upon which the creditor's bill was predicated, so that there would be no deficiency unsatisfied against Mrs. Huszagh. After a complete conversation, the attorney for Cardwell agreed that he would, on behalf of his client, satisfy the entire judgment if Mrs. Huszagh would agree not to litigate the case further. The proposition was submitted to Mrs. Huszagh and she approved the same and authorized her attorney to enter into such agreement. Pursuant to such arrangement, Cardwell was the successful bidder at the sale. He paid all of the costs, including the master's fees. He prepared a satisfaction piece which was approved by Mrs. Huszagh's attorney and filed in the cause. Both Mrs. Huszagh and her attorney testified to the facts above related in the bill of review hearing and the said agreement was fully executed. Mrs. Huszagh accepted the benefits of this agreement which was executed more than four months before she filed her petition in bankruptcy. Cardwell cannot now be placed *in statu quo* and we believe that Dorothea W. Huszagh is precluded and estopped from obtaining any relief under her counterclaim or from relitigating any of the questions determined in the creditor's suit. The trial court had full jurisdiction to pass upon all of the questions at issue in that case, including the controversy as to whether or not the will of Frederick H. Wickett created a spendthrift trust. Dorothea W. Huszagh is now estopped from litigating those questions again in the bill of review case.

It appears clear to this court that the agreement made between Mrs. Huszagh and Cardwell related to matters in which they were both competent to contract, and resulted in the decrees, entered by the trial court in the creditor's suit, becoming consent decrees. (*King* v. *King,* 215 Ill.

100; *Bergman v. Rhodes,* 334 Ill. 137.) Both the trial court and the Appellate Court correctly held that the counterclaim of Dorothea Huszagh should be dismissed.

Because of the view we take of the questions above discussed, it is not necessary to pass further upon the appeal of Fred J. Wegg, trustee. That part of the judgment of the Appellate Court affirming the decree dismissing the counterclaim of Dorothea W. Huszagh is affirmed. The part of the judgment reversing the trial court's decree dismissing the bill of review is reversed.

*Appellate Court affirmed in part and reversed in part; circuit court affirmed.*