**YOUNG v. FIRST NAT. BANK OF CHICAGO.**

**Civ. A. No. 48C680.**

United States District Court
N. D. Illinois, E. D.

June 21, 1949.

Horace A. Young, Chicago, Ill., pro se, (Jay Frederick Reeve, Chicago, Ill., Preston Boyden, Chicago, Ill., Cassius M. Doty, Chicago, Ill., on the brief), for plaintiff.

Joseph A. Conerty, Chicago, Ill., Robert McClory, Chicago, Ill., (Daily, Dines, White & Fiedler, Chicago, Ill., of counsel), for defendant.

IGOE, District Judge.

The plaintiff, as trustee in bankruptcy, filed suit to recover funds on deposit in the defendant bank in the account of Bently S. Handwork, Ralph C. Boozer and Philip W. Lotz, as trustees, under two trust agreements made in August, 1935, by the mother and father of the bankrupt. The trust agreements (hereinafter referred to as the Joslyn family trusts) granted equitable life estates to the donors' four children (including the bankrupt, George R. Joslyn) and remainders to the donors' grandchildren and to United Charities of Chicago. The plaintiff claims that the equitable life estates of George R. Joslyn passed to him as trustee in bankruptcy in March 1936, by operation of law under section 70, sub. a(5) of the Bankruptcy Act, U.S.C.A. Title 11, Ch. 7, Sec. 110, sub. a(5), and that he is now the owner of those equitable life estates. As a consequence, the plaintiff claims that the funds of the trustees of the Joslyn Family Trusts now on deposit in the defendant bank are the property of the plaintiff, as trustee in bankruptcy.

The defendant has filed a motion to dismiss the complaint upon three grounds. First, it contends that there is no diversity of citizenship between the parties on which jurisdiction of the subject matter of this case depends. Second, it is claimed that, notwithstanding the jurisdictional ground, the merits of plaintiff's case are controlled by the substantive law of Illinois, namely, Section 49 of the Illinois Chancery Act, Sec. 49 of Ch. 22, Ill.Rev.Stats. 1947, which protects the Josyln family trusts and the bankrupt's interests therein in the possession of the Joslyn trustees or subject to their control against the claims of creditors or a bankruptcy trustee acting in their behalf. Finally, defendant contends that the principle of res adjudicata applies here. I have given no consideration to this part of the motion to dismiss inasmuch as I am advised that Judge Shaw, before whom the bankruptcy proceeding is pending and who entered the order upon which the plea of res adjudicata is based, declined to act upon a similar motion in the related case, which was also pending before him, entitled, "Horace A. Young, as Trustee in Bankruptcy of the Estate of George R. Joslyn, Bankrupt, Plaintiff, v. Bently S. Handwork, Ralph C. Boozer and Philip W. Lotz, as Trustees, under Trust Agreements dated August 14 and 15, 1935, etc., Defendants, No. 46-C-2082." That case was ordered dismissed by Judge Shaw on May 5, 1949 upon the ground that Section 49

of the Illinois Chancery Act precluded a recovery of any interest in the trust estates.

The first inquiry is as to the diversity of citizenship between the parties. Although both the plaintiff and defendant are residents and citizens of Illinois, this question arises because of section 23, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 46, sub. b, which clothes the plaintiff as trustee in bankruptcy with the citizenship of the bankrupt. This section provides in part: "b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them, if proceedings under this Act had not been instituted, * * *."

The pleadings show that the bankrupt was a citizen and resident of Illinois when his petition in bankruptcy was filed in February, 1936, but that he was a citizen and resident of Michigan when this complaint was filed. The principal place of business of the defendant bank has been at all times involved herein, Chicago, Illinois. The question in these circumstances is whether the trustee assumes the bankrupt's citizenship as of (a) the time of filing of the petition in bankruptcy or (b) the time of filing of the present suit.

Plaintiff, claiming that the date of filing of this suit controls, cites Irwin v. Missouri Valley Bridge & Iron Co., 7 Cir., 19 F.2d 300, and Boesenberg v. Chicago Title & Trust Co., 7 Cir., 128 F.2d 245, 141 A.L.R. 565. The holding in these cases, involving the general question of diversity, is that jurisdiction of the Federal Court is determined as of the date when suit is begun. The cited cases do not involve bankruptcy proceedings nor an interpretation of section 23, sub. b.

It is argued by the defendant that if no bankruptcy proceeding had been instituted, George R. Joslyn, if capable of bringing suit at all, would have had to file it in the state court as he was then a resident and citizen of Illinois. There is persuasive authority in support of this argument.

In Martin v. Clarke, 7 Cir., 95 F.2d 26, 27, certiorari denied Clarke v. Martin, 304 U.S. 584, 58 S.Ct. 1059, 82 L.Ed. 1545, it was argued that the court there had no jurisdiction upon a diversity of citizenship under section 23, sub. b because the suit was based upon events occurring subsequent to the adjudication.

The court held, however, that the demand sued upon was in existence at the time bankruptcy intervened and that "The parties' rights were fixed as of that date."

In view of this, it would seem logically to follow that the citizenship of the parties must be determined as of the time of adjudication.[1]

See also In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, and Bush v. Elliott, 202 U.S. 477, 26 S.Ct. 668, 50 L.Ed. 1114.

I have grave doubt that I have jurisdiction to proceed further in the consideration of this case. Certainly, the State courts would have jurisdiction, and it would have been more in keeping with the purpose of section 23, sub. b had the bankruptcy trustee filed his suit in the State courts. This purpose was summarized in the case of Bardes v. First Nat. Bank of Hawarden, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175.

Nevertheless, I am of the opinion that defendant's motion should be sustained upon another ground which goes to the very substance of plaintiff's action.

The plaintiff, in his complaint, alleges that the interests of George R. Joslyn in the Joslyn Family Trusts, were, on the date of the filing of the petition in bankruptcy in February, 1936, transferable within the meaning of Section 70, sub. a(5) of the Bankruptcy Act of 1938 and the laws, statutes and decisions of the United States of America and State of Illinois, and were and are assets subject to administration by the plaintiff as trustee in bankruptcy, and that the plaintiff is now vested with the sole ownership of the equitable life estates of George R. Joslyn by operation of law.

[1] Under the 1938 Amendment to the Bankruptcy Act the date of cleavage has been moved from the time of adjudication to the time of filing of the bankruptcy petition. See Collier on Bankruptcy, 14th Ed., Vol. 4, p. 935.

It is further set forth that the defendant, as depositary for the trustees of the Joslyn Family Trusts, has received income from the equitable life estates which should have been paid and should be paid to the plaintiff as trustee in bankruptcy.

It is alleged that this income now exceeds $80,000 and that this amount is the sole and exclusive property of the plaintiff, as trustee in bankruptcy, and is subject to administration as a part of the estate of George R. Joslyn, bankrupt.

Section 70, sub a(5) of the Bankruptcy Act, U.S.C.A. Title 11, Ch. 7, Sec. 110, under which the plaintiff claims, provides: "The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy * * * to all * * * property; * * * which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him or otherwise seized, * * *."

■ The question of whether the bankrupt's interest as a beneficiary was, at the time of bankruptcy, transferable, or subject to attachment, seizure or judicial sale, is a matter to be determined by the law of Illinois where the trust has its situs. Collier on Bankruptcy, 14th Ed., Vol. 4, page 1149 and cases there cited.

Section 49 of the Illinois Chancery Act provides in part: "Whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money, or thing in action due to him or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery

thereof to the defendant, *except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself.*" (Italics added.)

The defendant contends that the Joslyn family trusts meet the requirements of the italicized portion of the foregoing statute and that consequently, the plaintiff was precluded from acquiring any title to the equitable life estates of the bankrupt or the income of the trustees of the Joslyn family trusts on deposit in the defendant bank. The extensive briefs filed by both parties presented a full discussion of this question. I am of the opinion that the defendant's motion must be sustained upon this ground.

■ The complaint shows that Alice Newell Joslyn and Marcellus Lindsey Joslyn, mother and father, respectively, of the bankrupt, each established a trust in August, 1935, in which the bankrupt was granted an equitable life estate. Although the trust instruments were not attached to the complaint, the court has examined them in the bankruptcy file pending in this court under the title "In the matter of: The Estate of George R. Joslyn, Bankrupt, No. 62732".[2] The trust agreements are identical in almost every respect and are made expressly irrevocable by Clause IV of each of the instruments. According to the instruments the property conveyed in trust, consisting of 45,000 shares of Joslyn Manufacturing and Supply Company stock, was theretofore the sole property of the respective donors.

The Joslyn family trusts named the four children of the donors, including the bankrupt, George R. Joslyn, as beneficiaries for life, and the donors' grandchildren and the United Charities of Chicago as contingent remaindermen. There is nothing in the complaint nor in the trust instruments to indicate that the beneficiaries had any interest in the trust property prior to the time when the trusts were created, and except for paragraph VI of the trust instru-

---

[2] In doing so I have exercised my discretionary power to take judicial notice of the records of other cases in this court. Funk v. Commissioner, 3 Cir., 163 F.2d 796, 800–801

ments (which grants authority to the Joslyn trustees, in their discretion, to invade the corpus of the trusts for the support, maintenance, education and welfare of the respective beneficiaries, and conversely, to withhold payments of income of any beneficiary under disability), the bankrupt and the other beneficiaries for life are entitled to receive only the net income from the respective trust estates.

It is expressly stated in paragraph II, subparagraph 1 of each of the trusts: "The trustees shall pay over in quarterly installments or in their discretion, at more frequent intervals, the net income from the George Robinson Joslyn fund to George Robinson Joslyn (hereinafter called "George") for and during the remainder of his lifetime."

The requirement of the Illinois statute that "such trust has, * * * been created by, or the fund so held in trust has proceeded from, some person other than the defendant (beneficiary) himself" is therefore, fully satisfied by the Joslyn family trusts here involved.

■ The only other requirement of the statute is that the trusts shall be created "in good faith". The complaint contains no allegation questioning the good faith of the donors in creating trusts for their children and grandchildren, and it is inconceivable that the plaintiff would seriously advance any such argument. The mere fact that the donors knew of large outstanding obligations on the part of one of the beneficiaries at the time the Joslyn family trusts were created is no indication of bad faith, but, on the contrary, strengthens the argument in support of the immunity of the trusts from the claims of creditors. Also, if the trusts had not been created irrevocably and in good faith for the benefit of the bankrupt and the other children and grandchildren, and the interests thereby conveyed had remained, in fact, the property of the donors, then there would be no property against which the plaintiff could proceed. The donors' good faith in creating the trusts may not, therefore, be questioned upon either of these theories.

■ The conclusion is inescapable that the interest of George R. Joslyn in the Joslyn family trusts falls squarely within the protection of Section 49 of the Illinois Chancery Act. It follows that the funds of the Joslyn trustees on deposit in the defendant bank are equally protected.

The Court of Appeals of this Circuit in Baumgarden v. Reconstruction Finance Corporation, 7 Cir., 131 F.2d 741, in a garnishment proceeding by a creditor, which is similar in nature to the plaintiff's suit, and in a case where a similar trust was involved, said, 131 F.2d at page 744: "The trust fund in the instant case was created by a father for the benefit of a son. True, the provisions of the will which created the trust have been construed by the court, and its terms to some extent modified, but it remains the same trust. There is no question but that it was created in good faith and that the fund so held proceeded from some person other than the beneficiary. It thus comes squarely within the exception described in section 49, and, as we view the situation, is not subject to garnishment."

I consider the same language to be applicable here.

Under the plaintiff's theory, bankruptcy could be employed as a remedy superior to any other available in Illinois, and, the federal court—in a diversity case—could afford relief under state law not available in the state courts.

I do not believe that bankruptcy has any such purpose or produces any such effect.

■ Section 49 has been held to constitute "a rule of property, and not of procedure only." Potter v. Couch, 141 U.S. 296, 320, 11 S.Ct. 1005, 1012, 35 L.Ed. 721; Hummel v. Cardwell, 390 Ill. 526, 535, 62 N.E.2d 433, certiorari denied 327 U.S. 793, 66 S.Ct. 819, 90 L.Ed. 1020, rehearing denied, 327 U.S. 819, 66 S.Ct. 898, 90 L.Ed. 1041. Rules of property are defined to mean "those rules governing the descent, transfer, or sale of property, and the rules which affect the title and possession thereto." Vol. 37 Words and Phrases, Perm. Ed., page 833; Bucher v. Cheshire Rail-

road Co., 125 U.S. 555, 583, 8 S.Ct. 974, 31 L.Ed. 795.

It has always been held that when exemptions and rules of property are involved, the question as to the property which passes under section 70 of the Bankruptcy Act is governed by local law. Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 429, 36 S.Ct. 391, 60 L.Ed. 723; Spindle v. Shreve, 111 U.S. 542, 548, 4 S.Ct. 522, 28 L.Ed. 512; Jones v. Harrison, 8 Cir., 7 F.2d 461, 464, certiorari denied, Jones v. Ready, 270 U.S. 652, 46 S.Ct. 351, 70 L.Ed. 781; Allen v. Tate, 8 Cir., 6 F.2d 139, 140.

By virtue of Section 49 as interpreted by the Illinois and Federal Courts no interest of the bankrupt in the Joslyn family trusts would pass to a trustee in bankruptcy under section 70 of the Bankruptcy Act.

It is settled that in view of Section 49 interests in trusts, such as are here involved, may not be reached by a creditor's bill. Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721; Binns v. La Forge, 191 Ill. 598, 61 N.E. 382. As has been noted, relief was also denied when the remedy employed was garnishment. Baumgarden v. Reconstruction Finance Corporation, 7 Cir., 131 F.2d 741. In Dunham v. Kauffman, 385 Ill. 79, 52 N.E.2d 143, 154 A.L.R. 90, the plaintiff was held not entitled to reach a similar trust interest by an attachment suit. In Spindle v. Shreve, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512, and Hummel v. Cardwell, 390 Ill. 526, 62 N.E. 2d 433, it was held that similar trust interests could not be reached by an assignee or trustee in bankruptcy in view of Section 49 of the Illinois Chancery Act.

In Spindle v. Shreve, the United States Supreme Court stated with respect to Section 49, 111 U.S. at page 548, 4 S.Ct. at page 525: " * * * by reason of the positive provisions of the statute of Illinois, * * * the appellant (assignee in bankruptcy) has shown no right to the relief for which, in his bill, he prayed."

In the recent decision of the Illinois Supreme Court, in Hummel v. Cardwell, 390 Ill. 526, 62 N.E.2d 433, certiorari denied, 327 U.S. 793, 66 S.Ct. 819, 90 L.Ed. 1020, rehearing denied, 327 U.S. 819, 66 S.Ct. 898, 90 L.Ed. 1041, the Illinois Supreme Court when confronted with the identical question presented here, said 390 Ill. at pages 534–535, 62 N.E.2d at page 436:

"If the protection of section 49 of the Chancery Act makes the interest of Dorothea W. Huszagh in the trust immune from any suit or lien by a creditor, surely a trustee in bankruptcy representing a creditor can have no greater or superior right. In the matter of exemptions and the interpretations of property rights, the bankruptcy courts have always regarded decisions of the State courts as controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; 114 A.L.R. 1487. In Johnston v. Herrin, 383 Ill. 598, 50 N.E.2d 720, we held that a contingent interest of a bankrupt is not property which the trustee in bankruptcy can recover in a plenary suit.

"The trustee in bankruptcy contends that the amendment to the Bankruptcy Act in 1938 shows that property, even though it may not be subject to seizure, may pass to the trustee if it is transferable. With the exception given to exempt property in section 70, sub. a, of the act and the power to acquire property through a plenary suit limited to those of a judgment creditor in section 70, sub. c, we do not construe the act to give a trustee in bankruptcy in plenary suits greater remedies in a State suit than those afforded a judgment creditor. Any other rule would be contrary to the plain language of section 70, sub. c and permit a trustee to take property which, under the laws of Illinois, could not be taken by any other plaintiff for the payment of a debt. In Dunham v. Kauffman, 385 Ill. 79, 52 N.E.2d 143, 154 A.L.R. 90, we held that the interest of a beneficiary in a trust could not be reached by attachment. In Baumgarden v. Reconstruction Finance Corp., 7 Cir., 131 F.2d 741, the Circuit Court of Appeals held that a trust fund which came squarely under the exception in section 49 of the Chancery Act could not be reached by garnishment. It is clear, from the holdings of this court and that of other

74

jurisdictions, that section 49 of the Chancery Act creates a rule of property and does not relate solely to procedure. Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721."

■ Inasmuch as jurisdiction in this case is based solely upon diversity of citizenship, the decision in Hummel v. Cardwell, must be regarded as controlling here. Similar reasoning was adopted by the United States Supreme Court in an opinion by the late Justice Holmes in the case of Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723. The court there adhered to several Massachusetts decisions, although the bankruptcy trustee argued, as the plaintiff does here, that an equitable life interest in a trust was subject to bankruptcy administration.

The plaintiff relies principally upon the case of In re Landis, 7 Cir., 41 F.2d 700 decided by the Court of Appeals of this Circuit in 1930. In that case the court held in a contest between creditors who had filed their claims in bankruptcy and another group of creditors whose claims had arisen subsequently, that a remainder interest was subject to bankruptcy administration. Section 49 of the Illinois Chancery Act was not involved, and at the time of the decision, the remainder interest was vested in possession.

Furthermore, there can be no doubt about the rule in Illinois as a result of Hummel v. Cardwell, and I am not disposed to suggest that there be a different rule in the federal courts from that of the Illinois courts where a question of an Illinois statute and its interpretation is involved.

The two District Court decisions In re Reifsteck, 71 F.Supp. 157 and Hodam v. Jordan, 82 F.Supp. 183, involving remainder interests, are not regarded as applicable and are not authority for adopting a different rule in the Federal Courts from that applied by the Illinois Courts.

When the defendant's motion to dismiss was first called for argument on February 25, 1949, the plaintiff filed an affidavit to which were attached four (4) exhibits. This was followed by the filing of a Supplemental Affidavit on the same date. A written motion to strike the affidavit and an oral motion to strike the supplemental affidavit were made and taken under advisement, together with the motion to dismiss the complaint.

■ I am of the opinion that the affidavits should be stricken inasmuch as the defendant's motion filed under rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., raises only the question of the sufficiency of the allegations of the complaint. No motion under rule 56, 28 U.S.C.A., for summary judgment, in which the use of affidavits is proper, was made by either party. Carroll v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404. Monjar v. Higgins, D.C., 39 F.Supp. 633, affirmed, 2 Cir., 132 F.2d 990. Sheridan-Wyoming Coal Co., v. Krug, 83 U.S.App.D.C. 162, 168 F.2d 557, 559.

I am of the further opinion that the matters contained in the affidavits and exhibits attached thereto are not relevant to the present hearing.

Inasmuch as it would serve no purpose to grant plaintiff leave to file an amended pleading, an order of dismissal, with prejudice, will be entered.

A further reason for making a final order of dismissal at this time is that the Court has been advised that an appeal has been taken from the entry of a similar order in the case of Young v. Bently S. Handwork, et al., as Trustees, etc., No. 46-C-2082, already alluded to, and providing an appeal is taken from the order in this case, both cases may be consolidated or combined for argument in the Court of Appeals.

Defendant's motion to dismiss the complaint is sustained for the reasons stated and an order will be entered accordingly.