Sarah B. DANNING, As Trustee in Bankruptcy of the Estate of Ruth Lederer Joslin, Also Known as Ruth L. Joslin, Also Known as Mrs. Bernard Joslin, Bankrupt, Plaintiff-Appellant,

v.

Harold LEDERER, Also Known as Harold S. Lederer; Leo Lederer, Also Known as Leo M. Lederer, Also Known as Leon Lederer; and Morris Glasser; Individually and as Trustees of Certain Trusts and as Executors of the Estate of Ellen Lederer Burnstine, Deceased, Defendants-Appellees.

No. 11549.

United States Court of Appeals Seventh Circuit.

April 11, 1956.

Charles K. Bobinette, Chicago, Ill., John S. Burchmore, Harry L. Rickard, Chicago, Ill., Burchmore, Good & Bobinette, Chicago, Ill., of counsel, for appellant.

Norman H. Nachman, Chicago, Ill., Louis W. Levit, Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This is a plenary suit brought by a trustee in bankruptcy to recover property to which she claims title under Section 70, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a(5). The voluntary petition in bankruptcy was filed in the Southern District of California, but the property involved is located in Illinois.

The property to which the trustee claims title consists of four trusts in which the bankrupt has an equitable interest as one of the beneficiaries. Three of the four trusts were established by the bankrupt's father: two *inter vivos*, referred to as the Leon Lederer and Harold Lederer Trusts, and one by his Last Will and Testament, referred to as the Testamentary Trust. The fourth trust was established by the bankrupt's brother and is referred to as the Atlantic Brewing Trust since it consists of all the stock of the Atlantic Brewing Company. Each of the trusts contains a "spendthrift" clause providing that none of the beneficiaries can transfer, pledge, assign or in any manner anticipate, charge, encumber or make liable for the debts, contracts or engagements of the beneficiaries any money or property distributable thereunder while such property or money is in the possession of the trustees.

Section 70, sub. a of the Bankruptcy Act, under which the trustee claims title, provides that the trustee in bankruptcy shall obtain title to all property that the bankrupt could have transferred:

"(a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to prop-

erty which is held to be exempt, to all of the following kinds of property wherever located * * *(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * *." 11 U.S.C.A. § 110, sub. a.

The plaintiff filed her complaint claiming title to the bankrupt's interest in the trusts. The defendant trustees moved to dismiss the complaint arguing that because they are all "spendthrift" trusts the bankrupt did not have the power to "transfer" her interest in them and therefore the requirements of Section 70, sub. a(5) of the Bankruptcy Act had not been met. The District Court dismissed the complaint, for failure to state a cause of action, and from that judgment this appeal is prosecuted.

In such an appeal we must consider all the allegations of the complaint as true. The basic question is whether or not the bankrupt at the time she filed her petition in bankruptcy could have in any manner transferred her interest in any of the four trusts. If she could, her title in the trusts passed to the trustee under Section 70, sub. a(5) of the Act. The appellant trustee argues that the spendthrift provisions in these trusts are invalid and that the bankrupt could have assigned her interest in them. The trustee argues that the spendthrift clauses of all the trusts are invalid because they attempt to restrain alienation of the corpus of the trusts as well as the income. She makes the further point that the bankrupt has a vested interest in the trusts and restraints upon the alienation of such an interest are against public policy. These two arguments are actually the same in this case since the bankrupt's vested interest is in the corpus of the trust which the "spendthrift" clause attempts to protect from creditors.

In determining the question of the bankrupt's right to transfer under these trusts we must follow Illinois law because they were made in Illinois by Illinois residents and involve Illinois property. In Hopkinson v. Swaim, 284 Ill. 11, 25–26, 119 N.E. 985, 989, the Supreme Court of Illinois in passing upon the effect of a "spendthrift" trust said:

"It is argued that the attempted restraint on alienation is void because the children of William Swaim took a vested legal estate in fee under the will of James Swaim and the entire legal interest under the supposed trust for their lives, and that James Swaim, having devised the property in fee to his grandchildren, was powerless to impose any restraint on its alienation. It is true that as a general rule any limitation restraining an owner in fee simple from selling his land is bad, but it is said in Johnson v. Preston, 226 Ill. 447, 80 N.E. 1001, 10 L.R.A., N,S., 564, which is cited by appellant's counsel, that there is an apparent exception to this rule where what is known as a spendthrift trust is created. The devise in that case was stated to bear no resemblance to a spendthrift trust, and it was therefore not decided there whether cases of that character were an exception to the general rule. In this case, however, active duties were imposed upon the trustees and the trust is a spendthrift trust. We have already seen that such trusts will be sustained and the restriction upon alienation enforced during the life of a devisee for life. There is no reason for such a rule in the case of a life estate which does not apply equally to a fee during the life of the owner."

The Appellate Courts of Illinois have specifically held that a spendthrift clause may protect the corpus of a trust as well as the income. Von Kesler v. Scully, 267 Ill.App. 495.

The case of Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721, upon which plaintiff relies, has no bearing on the present situation because it was de-

cided in 1891, before spendthrift clauses had been accepted as a valid restraint on the alienation of an equitable interest in the corpus of a trust in Illinois. In the case of Steib v. Whitehead, 111 Ill. 247, only the payment of the net rents and income to the beneficiary was involved, and the court held that a spendthrift provision in the trust protected such funds while in the hands of the trustee against garnishment by a creditor of the beneficiary.

■ Likewise, plaintiff's argument that we must follow federal rather than state authority on this question is untenable. Section 70, sub. a of the Bankruptcy Act makes the trustee's title to the beneficial interest in the trusts dependent upon the bankrupt's power to alienate that interest, but the Act does not define that power to alienate. The definition of such power is left to the courts of the several states. By making the trustee's title dependent upon the alienability of property, the Act has made it dependent upon state law where that law has determined the question of alienability. See Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723. The Supreme Court in that case said, 240 U.S. at page 429, 36 S.Ct. at page 392:

> "The policy of the bankruptcy act is to respect state exemptions, and until the Massachusetts decisions shall have gone farther than they yet have we are not prepared to say that the present bequest is not protected by the Massachusetts rule."

The plaintiff cites and relies on this court's decision in Young v. Handwork, 7 Cir., 179 F.2d 70, 16 A.L.R.2d 825, to support her argument that we must follow federal law as to the trustee's rights to this property, and that federal law as expressed in that case requires that the bankrupt's interest in these trusts vest in the trustee in bankruptcy. The Young case is not controlling under the facts before us.

Young v. Handwork, supra, like this case, was a plenary suit by a trustee in bankruptcy to recover the bankrupt's interest in a trust. But the trust there did not contain a spendthrift clause and would have been subject to the beneficiary's debts except for Section 49 of the Illinois Chancery Act, S.H.A. ch. 22, § 49, which the defendant there argued prevented the bankrupt's interest from passing to the trustee. That section provided in effect that creditors cannot, by a creditor's bill, reach their debtor's interest in a trust which was created in good faith by someone other than the debtor. On the basis of this section the Illinois Supreme Court has held that a trustee in bankruptcy cannot reach the bankrupt's interest in a trust which was created in good faith by someone other than the bankrupt. Hummel v. Cardwell, 390 Ill. 526, 62 N.E.2d 433. In the Young case this court expressly refused to follow the Illinois court in Hummel v. Cardwell, supra, and held that the beneficiary's interest did pass to the trustee in bankruptcy, saying:

> "Sec. 49 of the Illinois Act places no restriction and presents no impairment of the right of a beneficiary to voluntarily sell, assign or transfer his equitable vested interest in the trust in question. See Binns v. La Forge, supra, 191 Ill. [598, at] page 608, 61 N.E. 382. And to construe this section so as to prevent such interest from passing to the trustee in bankruptcy while the state recognizes it as alienable property would present a serious challenge to the validity of the state provision. At any rate, such a construction places the state provision in direct conflict with the bankruptcy provision which Congress in the exercise of its paramount power has enacted. * * * If his interest prior to bankruptcy was property subject to voluntary alienation, as it was, Congress has proclaimed that such property shall pass to his trustee in bankruptcy as administrable assets." 179 F.2d at pages 79–80.

**614**

Since the beneficiary there could voluntarily transfer his interest in the trust, Section 70, sub. a(5) of the Federal Bankruptcy Act transferred to the trustee the bankrupt beneficiary's interest in the trust.

In the instant case there is no conflict between the federal and a state act. The beneficiary here cannot transfer her interest in the trusts, nor can her interest be seized by creditors. Therefore, the trustee in bankruptcy failed to take under the Bankruptcy Act the bankrupt's interest in the trust property. We agree with the decision in the Young case that Section 49 of the Illinois Chancery Act does not prevent a trustee in bankruptcy from obtaining the bankrupt's beneficial interest in a trust.

In this case we have looked to Illinois law, not to find exceptions to the Federal Bankruptcy Act, but to determine whether the property sought by the trustee falls within its description of property of the bankrupt which passes to the trustee.

The plaintiff further argues that the spendthrift clause in the Atlantic Brewing Trust is invalid because the beneficiaries can *by joint action* partially distribute or even terminate the trust. Plaintiff claims that this constitutes the power to alienate within the meaning of Section 70, sub. a(5). But in that trust the bankrupt alone has no power to alienate, and it is her power alone that is decisive. The defendants call our attention to the fact that federal courts have unanimously held that property owned by the entirety does not pass to a trustee in bankruptcy because the bankrupt alone has no power to alienate such property. In re Kearns, 4 Cir., 8 F.2d 437, 47 A.L.R. 432, certiorari denied Cullom v. Kearns, 269 U.S. 587, 46 S.Ct. 203, 70 L.Ed. 426; Kerin v. Palumbo, 3 Cir., 60 F.2d 480; Wylie v. Zimmer, D.C., 98 F. Supp. 298. We find this rule directly analogous to the situation before us. These cases are the only cases under Section 70, sub. a(5) of the Bankruptcy Act we have been able to find in which the right to alienate property is held jointly by two persons. The cases cited by plaintiff involving regulatory agencies are not analogous because in them the right to alienate is held by the bankrupt alone subject only to the *approval* of the agency.

The plaintiff further argues that the other three trusts (the Leon Lederer, Harold Lederer and the Testamentary Trust) are not valid spendthrift trusts because they provide that the trustees may in their discretion loan money from the corpus to the beneficiaries for business purposes at six per cent interest. The argument is that spendthrift trusts are an exception to the rule against restraints upon alienation and are allowed only to provide for the welfare, health and maintenance of the beneficiaries. The plaintiff claims that when other purposes are provided for, the spendthrift clause is no longer justified and is therefore invalid. We reject this argument as did the court below. The trial judge found that this was nothing more than a broadening of the trustees' power to invest the trust fund. It is not inconsistent with the spendthrift clause of the trust because it does not alter the basic purpose of the trusts. The beneficiaries are given no additional rights to the corpus of the trusts. The trustees have complete discretion in the matter. There is no provision for a gift, but only for a loan which must be repaid with interest. Despite plaintiff's argument, the public should be no more deceived by one who enters a business with money borrowed from a trust fund of which he is the beneficiary than by one who enters a business with money borrowed from any other source.

The plaintiff's final argument is that as trustee in bankruptcy she has obtained title to at least one-sixth of the real estate of the Leon Lederer Trust because the bankrupt has the right to force distribution of that much of the trust. Paragraph 7 of the Leon Lederer Trust provides that the trustees were to have distributed two-thirds of the trust estate to the beneficiaries on April 1, 1941.

Therefore the bankrupt, as one of the four beneficiaries, had the right to receive one-sixth of the trust fund on that date. Exhibit "A" is an affidavit of Harold Lederer stating that he is one of the trustees of the Leon Lederer Trust, and that on April 1, 1941, the trustees distributed one-sixth of the personal property of the trust to each of the four beneficiaries but that they did not distribute any of the real property which consisted of a lot with improvements thereon in the City of Chicago. The defendants claim that the real property was not distributed because it consisted of a single, valuable lot and that it could not be divided without considerable loss in value. The plaintiff does not contest this statement.

In La Salle National Bank v. Mac-Donald, 2 Ill.2d 581, 119 N.E.2d 266, the Supreme Court of Illinois recognized the rule that the time fixed by the settlor for the termination of a trust would be regarded as merely directory if termination at that time would tend to defeat the purpose for which the trust was established. This rule would apply even more readily to a partial distribution. Exhibit "A" presents uncontradicted evidence that a partial distribution of the real estate of the Leon Lederer Trust would destroy the value of the remaining portion and thereby, of course, defeat the settlor's purposes with regard to the one-third of the trust that was intended to remain. The trustees could sell the entire lot with improvements, distribute two-thirds of the proceeds and reinvest the remaining third, but property well located in a large and growing city is an investment that would be extremely difficult to equal. In the absence of any evidence to the contrary, it does not seem to us unreasonable that the trustees should have decided that any distribution that would necessitate the loss of the property at 4720 Sheridan Road in Chicago would be contrary to the settlor's purposes in establishing the trust. Having so decided, it was proper for the trustees to continue the trust without the full distribution provided for. Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721; La Salle National Bank v. MacDonald, supra; 2 Restatement of the Law of Trusts, Sec. 334.

The District Court correctly decided this case. The judgment is

Affirmed.