**Jessie STEARNS, Plaintiff,**

v.

**VETERANS OF FOREIGN WARS, a corporation chartered by Congress of the United States, Defendant.**

**Civ. A. No. 1415–72.**

United States District Court, District of Columbia.

Dec. 29, 1972.

Charles E. Robbins, Washington, D. C., for plaintiff.

Marilyn D. Sloan, Center for Women Policy Studies, and Margaret J. Gates, Washington Women's Legal Defense Fund, Washington, D. C., Amicus Curiae.

Wilmer S. Schantz, Jr., Schantz, Stock & Marshall, McLean, Va., for defendant.

## MEMORANDUM OPINION

WADDY, District Judge.

In this suit plaintiff seeks an order of the Court directing the defendant, Veterans of Foreign Wars (hereinafter V. F.W.), a corporation chartered by Congress, to reconsider her application for membership in said organization and enjoining V.F.W. from barring membership to plaintiff on the ground that she is a member of the female sex. Plaintiff also seeks compensatory and exemplary damages, counsel fees and costs. The matter is before the Court on defendant's motion for judgment on the pleadings and plaintiff's motion for summary judgment. In addition to the submissions of the parties on said motions, plaintiff's motion is supported by a memorandum of law filed by the Center for Women Policy Studies and the Washington Women's Defense Fund as *amicus curiae.* Matters outside the pleadings have been presented and considered by the Court. Accordingly defendant's motion is treated herein as a motion for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

In an amendment to her complaint plaintiff has alleged that this Court has jurisdiction " . . . under 28 U.S.C. Sec. 1343 (civil rights); 42 U.S.C. Sec. 1981 (civil rights); 42 U.S.C. Sec. 1983 (civil rights); 11 D.C.Code Sec. 521; 28 U.S.C. Sec. 1331; 28 U.S.C. Sec. 2201; and the Constitution and laws of the United States and amendments thereto. The purpose of this suit is to remedy the invidious discrimination against plaintiff by the Veterans of Foreign Wars solely on the grounds of her sex in violation of the Constitution and laws of the United States."

The plaintiff, a woman, is an honorably discharged veteran of the armed forces of the United States who served fourteen months active duty in Australia, New Guinea, the Philippines and China during World War II.

The defendant, V.F.W., is a corporation chartered by Congress, 36 U.S.C. § 111 et seq., whose membership consists of veterans of the armed forces of the United States.

On February 3, 1971, plaintiff, by letter, inquired concerning membership in V.F.W. and stated her desire to become a member thereof.

On or about February 8, 1971, plaintiff received a letter in response to her inquiry and stated desire from Julian Dickenson, the Adjutant General of the V.F.W., which stated in part,

"At the organizational meeting at which the Veterans of Foreign Wars was established, the founders adopted a Constitution. The Constitution contains the fundamental provisions and principles on which the government of the V.F.W. is based. Eligibility qualifications were fixed at that time. Both the membership Article of the Constitution and its Preamble limit membership to males."

That letter also stated:

"Last year the Commander-in-Chief submitted a proposal to the National Convention to change eligibility re-

quirements so as to admit otherwise qualified females. That proposal was defeated by the delegates."

Mr. Dickenson's letter was typewritten. However, at the end of it, after his signature, the following handwritten statement appears:

"I do promise a (sic) Amendment to National By-Laws eliminating the word Male or Men at our National Conference in Dallas, Texas Aug. 13–22, 1971."

■ At the outset the Court is faced with the question of jurisdiction. V.F. W. was incorporated by Act of Congress May 28, 1936 (36 U.S.C. § 111 et seq.). The Charter was amended May 28, 1953. Title 28 U.S.C. § 1349 provides that:

"The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."

There is neither allegation nor proof in this case that V.F.W. is a stock corporation in which the United States owns more than fifty percent of the capital stock. Therefore if jurisdiction exists at all it must be under 28 U.S.C. § 1331.

It appears to the Court that jurisdiction to entertain this suit does exist in that plaintiff seeks recovery directly under the Constitution and laws of the United States and her claims are not wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

The membership clause of the corporate charter (36 U.S.C. § 115) provides in pertinent part that

"No person shall be a member of this corporation unless he has served honorably as an officer or enlisted man in the Armed Forces of the United

States of America in any foreign war, insurrection, or expedition . . . .".

■ Plaintiff asserts that she has been excluded from membership in V.F. W. solely because of her sex and that such exclusion unlawfully discriminates against her and is violative of the due process clause of the 5th Amendment of the Constitution of the United States. In support of her position she argues (1) that the membership clause of the corporate charter of V.F.W. limits membership in the organization to males, thereby unconstitutionally denying plaintiff equal protection; and (2) that even if the charter itself does not limit membership to males, federal chartering alone constitutes the kind of significant state involvement in private discriminations that is violative of the Fifth Amendment.

This Court has concluded that neither of plaintiff's contentions is sound. First, an analysis of the language of the charter relating to membership (36 U.S. C. § 115) and the legislative history of the 1953 Amendment to that section[1] demonstrate that there was no Congressional intent to limit membership in the organization to males. The use of the pronoun "he" and the words "enlisted man" cannot reasonably be construed to be anything more than grammatical imprecision in drafting the clause. Masculine pronouns are often used to refer to antecedents of indefinite or mixed gender without modifying the meaning of the antecedents. Here, the pronoun "he" refers to the word "person", which latter term obviously encompasses both male and female persons. This legislative intent is demonstrated further by the Senate Report which accompanied the 1953 Amendment to the membership clause.[2] The report states that:

"The purpose of the proposed legislation is to broaden the Congressional

1. S.Rep.No.241, 83rd Cong. 1st Sess. 2 (1953); U.S.Code Cong. & Admin.News 1953, p. 1668.

2. The 1953 amendment substituted the words "Armed Forces" for the words "Army, Navy, and Marines" in the mem-

bership clause, 36 U.S.C. § 115. The occasion for the amendment was to include the Air Force within the ambit of the charter. The Air Force did not exist as a separate service when the original V.F.W. charter was issued by Congress. S.Rep.No.241, *supra.*

charter of the Veterans of Foreign Wars of the United States, so as to make eligible for membership therein *all persons* who have served in the Armed Forces of the United States under the conditions specified in the charter and who otherwise are eligible for membership." (emphasis supplied)

If Congress had intended to limit membership in the organization to men it would have been easy for it to have inserted the word "male" between the words "all" and "persons".

Furthermore, the record is clear that the restriction of membership in the organization to males results from the Constitution enacted by the membership and not because of any requirement or limitation in the charter. A proposal to amend the Constitution so as to admit women to the organization was defeated by vote of the delegates to the 1970 V.F.W. National Convention.[3] Obviously, the V.F.W., itself, does not feel constrained by the language of the *membership clause of its charter* to limit its membership to men, but relies solely upon the Constitution enacted by its members.

■ Absent any discriminatory language in the charter itself, the only issue left for the Court is whether or not Congressional chartering alone constitutes the kind of significant state involvement in private discriminations that is violative of the equal protection guarantee in the due process clause of the Fifth Amendment. The Court finds that it does not. Cf. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

Based upon the foregoing the Court has concluded that there is no genuine issue of a material fact and that defendant is entitled to judgment as a matter of law and plaintiff's motion for summary judgment should be denied.

---

3.  See Exhibit II to plaintiff's motion for summary judgment.