Jessie **STEARNS**, Appellant,

v.

**VETERANS OF FOREIGN WARS**, a corporation chartered by Congress of the United States.

No. 73–1197.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 25, 1974.

Decided June 19, 1974.

Charles E. Robbins, Washington, D. C., for appellant.

Wilmer S. Schantz, Jr., McLean, Va., for appellee.

Before LEVENTHAL, MacKINNON and WILKEY, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant, a female veteran, applied for membership in the Veterans of Foreign Wars (VFW), an organization of veterans having military service outside the United States entitling them to a recognized campaign medal. Her application was denied, and she sues the VFW for damages and an injunction directing reconsideration of her application, which she alleges was denied solely because of her sex.

The VFW is a corporation chartered by Act of Congress, 36 U.S.C. § 111 et seq. The constitution of the VFW limits membership to men who meet the military service requirements. Appellant contends that VFW's restriction of membership to qualified males violates the due process clause of the Fifth Amendment. The District Court found jurisdiction under 28 U.S.C. § 1331[1] and, treating the VFW's motion for judgment on the pleadings as a motion for summary judgment, dismissed the complaint. Stearns v. VFW, 353 F. Supp. 473 (D.D.C.1972).

The membership provision of the charter, 36 U.S.C. § 115, provides in pertinent part that

No person shall be a member of this corporation unless he has served honorably as an officer or enlisted man in the Armed Forces of the United States of America in any foreign war, insurrection, or expedition . . . .

The District Court found that this provision does not restrict the membership of the VFW to males:

The use of the pronoun "he" and the words "enlisted man" cannot reasonably be construed to be anything more than grammatical imprecision in drafting the clause. Masculine pronouns are often used to refer to antecedents of indefinite or mixed gender without modifying the meaning of the antecedents. 353 F.Supp. at 475.

This interpretation is supported by the rules of construction codified at 1 U.S.C. § 1, providing in pertinent part that "words importing the masculine gender include the feminine as well . . . ." In addition, the District Court cited language in the legislative history,[2] and noted that certain officers of the VFW had proposed amendment of the organization's constitution to delete the "males only" membership restriction, thus indicating their view that the restriction was not mandated by the charter.

Having concluded that the statutory charter did not itself mandate discrimination on the basis of sex, the District Court stated that "the only issue left for the Court is whether or not Congressional chartering alone constitutes the

1. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

2. The District Court cited an excerpt from the Senate Report on a 1953 amendment to the membership clause extending eligibility to veterans of the Air Force:

The purpose of the proposed legislation is to broaden the congressional charter of the Veterans of Foreign Wars of the United States, so as to make eligible for membership therein *all persons* who have served in the Armed Forces of the United States under the conditions specified in the charter and who otherwise are eligible for membership. (Emphasis added.)

See S.Rep.No.241, 83d Cong., 1st Sess. 2 (1953), U.S.Code Cong. & Admin.News, p. 1668.

kind of significant state involvement in private discriminations that is violative of the equal protection guarantee in the due process clause of the Fifth Amendment." The court found that requisite government involvement lacking, citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

■ While we are inclined to agree that Congressional chartering *alone* does not constitute significant government involvement that triggers due process guarantees, appellant insists that Government involvement with VFW goes beyond mere chartering. She points to the requirement of presentations to Congress of annual reports of proceedings[3] and of audits of finances;[4] to VFW's entitlement to loans or gifts of condemned or obsolete combat material;[5] to its special federal income tax status both in its exemption from a tax on income, 26 U.S.C. § 501(c)(4), and in the deductions from gross income accorded those who make contributions to the VFW, 26 U.S.C. § 170(c); and to the authorization, contained in 38 U.S.C. § 3402, of the Administrator of the Veterans Administration to recognize representatives of the VFW for the purpose of prosecuting claims under laws administered by the Veterans Administration, and the further authorization to furnish office space to VFW representatives.

The foregoing factors establish a color of government involvement with the VFW that is not adequately described as "Congressional chartering." They invite further examination of the nexus between the VFW and the Government and consideration of how that nexus fits into the doctrine of "state action."[6]

The procedures followed in the District Court did not embrace such an inquiry. The VFW moved for judgment on the pleadings under F.R.C.P. 12(c). Plaintiff responded with a motion for summary judgment. The court disposed of both motions without oral argument, stating that it was considering matters outside the pleadings and treating the VFW's motion as one for summary judgment, as is authorized under Rule 12(c).[7] It appears, however, that appellant did not have the opportunity, required when a motion for judgment on the pleadings is treated as a motion for summary judgment, to "present all material made pertinent to such a motion by Rule 56."

The VFW, had it moved for summary judgment under Rule 56, would have been required under Rule 1–9(g) of the

3. 36 U.S.C. § 118.

4. 36 U.S.C. §§ 1102, 1103.

5. 10 U.S.C. § 2572.

6. The conferral of tax advantage has been held, in certain circumstances, to constitute the kind of government involvement that makes due process requirements of non-discrimination applicable. McGlotten v. Connally, 338 F.Supp. 448 (D.D.C.1972), held that the granting of an income tax exemption under I.R.C. § 501(c)(8) to private organizations excluding non-whites from membership violated the Fifth Amendment. *See also* Green v. Connally, 330 F.Supp. 1150 (D.D.C.), affirmed per curiam sub. nom. Coit v. Green, 404 U.S. 997, 92 S.Ct. 564, 30 L.Ed.2d 550 (1971) (I.R.C. does not authorize tax exemption for and deductibility of contributions to private school which excludes non-white students). Similarly, the recognition of the VFW pursuant to 38 U. S.C. § 3402 at least suggests a coincidence of private association and public function which warrants further probing. *Cf.* Evans v. Newton, 382 U.S. 296, 86 S.Ct. 486, 15 L. Ed.2d 373 (1966); Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); Gilmore v. City of Montgomery, 473 F.2d 832 (5th Cir. 1973), cert. granted, 414 U.S. 907, 94 S.Ct. 215, 38 L.Ed.2d 145 (1973).

7. Rule 12(c) provides:
    After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

local rules of the District Court [8] to file a "statement of the material facts as to which the moving party contends there is no genuine issue." Thereafter, appellant would have had an opportunity to file a statement of issues and affidavits designed to show a dispute as to material facts. In addition, appellant could have sought the protection of Rule 56(f), which provides that

. . . Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ Until now the appellant has had no occasion in the District Court to make the kind of presentation comprehended by Rule 56. Appellant had no right to do so in response to the VFW's Rule 12(c) motion, which challenged the sufficiency of appellant's pleadings, particularly the allegations of jurisdiction and of deprivation of constitutional rights.[9] The fact that appellant erred in seeking summary judgment on the theory that the Congressional chartering statutes were alone sufficient to trigger due process guarantees did not disable appellant from bringing forth facts of additional government involvement in order to resist a summary disposition in favor of defendant VFW.

■ We remand to the District Court so that the appellant may make the kind of showing contemplated under Rule 56 in an effort to avoid summary judgment for the VFW. Our remand is not to be taken as any indication of our views on the merits. The issues raised are of such a nature that we do not think an appellate court should consider them

without having the benefit of the judgment of the District Court, rendered after the parties have had an opportunity to develop the full factual background of government involvement with the VFW.

The case is remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

8. Formerly Rule 9(h).

9. Had appellant presented materials outside the pleadings in response to defendant's 12(c) motion, the District Court could in its

discretion have excluded them in ruling on the motion. *See* Young v. First National Bank of Chicago, 85 F.Supp. 68 (N.D.Ill. 1949).